UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Federated Mutual Insurance Company                    Civ. No. 18-714 (PAM/DTS)

                              Petitioner,

v.                                                    **MEMORANDUM AND ORDER**

Federated National Holding Company, Inc.

                              Respondent.

---

This matter is before the Court on Respondent's Motion to Stay Pending Appeal. For the following reasons, the Motion is denied.

**BACKGROUND**

This case arises out of the parties' arbitration relating to the similarities in their corporate names. The full factual background is set forth in the Court's June 22, 2018, Memorandum and Order denying Respondent's Motion to Dismiss and granting Petitioner's Motion to Confirm Arbitration Award. (Docket No. 33.) The Respondents filed a Motion to Stay Pending Appeal on July 26, 2018. (Docket No. 42.)

Respondent contends that a stay pending appeal is appropriate because there are substantial questions of law regarding this Court's subject matter and personal jurisdiction. Specifically, Respondent contends that federal question subject matter jurisdiction is in doubt because the Eighth Circuit has not addressed whether a Court may "look through" to actions brought under §9 of the FAA in order to confer federal jurisdiction. (Resp't's Supp. Mem. (Docket. No. 44) at 4-5.) There is a split among the circuit courts of appeals on whether a court may confer federal jurisdiction in this way. Additionally, Respondent

argues that diversity jurisdiction is in doubt because there is insufficient evidence to show that Petitioner's injunctive relief has an economic value sufficient to meet the amount-in-controversy requirement. Id. at 6-7. Finally, Respondent argues that specific personal jurisdiction is lacking due to Respondent's lack of contacts with Minnesota. Id. at 8.

Petitioner argues that the existing appellate decisions and Minnesota case law show that the Eighth Circuit is likely to allow "looking through" the underlying arbitration award to find federal question jurisdiction. (Pet'r's Opp'n Mem. (Docket No. 50) at 10-11.) Petitioner also contends that the arbitration award's injunctive relief has value exceeding the amount-in-controversy required for diversity jurisdiction. Id. at 11-12. Finally, Petitioner states that specific personal jurisdiction exists, largely because of Respondent's agreement to the application of Minnesota law via the parties' arbitration agreement. Id. at 13.

**DISCUSSION**

The power to stay proceedings is inherent in the Court's power to control its docket. Twin Cities Galleries, LLC v. Media Arts Grp., Inc., 431 F. Supp. 2d 980, 983 (D. Minn. 2006) (Doty, J.). Whether to issue a stay is within the Court's discretion. Virginia Ry. Co. v. United States, 272 U.S. 658, 672 (1926). Such a stay "is not a matter of right" and "[t]he party requesting a stay bears the burden of showing that the circumstances justify [it]." Nken v. Holder, 556 U.S. 418, 433-34 (2009) (quotation omitted). In determining whether to grant a stay, the Court can consider "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). A balance of these factors weighs against granting a stay.

Respondent has not met the first factor, requiring a strong showing that the applicant is likely to succeed on the merits. Respondent is correct that there is a circuit split regarding the Court's ability to "look through" to underlying §9 FAA arbitration proceedings to find federal question jurisdiction. However, while this split of authority gives Respondent a chance to be successful on this issue, that chance does not rise to a "strong showing of a likelihood of success." "[T]he Supreme Court has ruled that '[i]t is not enough that the chance of success on the merits simply be 'better than negligible.'" Brady v. Nat'l Football League, 779 F. Supp. 2d 1043, 1046 (D. Minn. 2011) (Nelson, J.) (quoting Nken, 556 U.S. at 434). "[M]ore than a mere possibility of relief is required." Id. (alteration in original) (quotation omitted). As fully explained in the June 22, 2018, Order, the Court believes that the Eighth Circuit will allow such a "look through" and find federal question jurisdiction here, based on the holding in Fendelman v. Stein, 133 F.3d 921 (8th Cir. 1998). (See Docket No. 33 at 6.)

The same analysis applies to the issues of diversity jurisdiction and specific personal jurisdiction. While there is a possibility Respondent will find success on these issues, Respondent has not made a strong showing of a likelihood of success. The Court continues to believe that Petitioner's injunctive relief is worth more than $75,000, and that specific personal jurisdiction exists due to the requirements of the parties' Co-Existence Agreement and Respondent's communications with Petitioner in Minnesota. The Court's full

3

reasoning on these issues is found in the June 22, 2018, Order, and need not be repeated here. (See Docket No. 33.)

Respondent has also not established that it will be irreparably injured absent a stay. Respondent claims that the arbitration award and Order require it to violate state insurance laws by changing its insurance subsidy's name immediately, before state regulatory processes have run their course. (Resp't's Supp. Mem. 9-10.) However, the record reflects that Petitioner recognizes these barriers, especially now that Respondent has brought its website into compliance with the arbitration award and the Order. (See Pet'r's Ex. G (Docket No. 51) at 4: "We fully appreciate FedNat needing to work with the states to receive approvals of name change and amended forms".)

Additionally, Respondent's fear of a potential motion for sanctions and contempt is unfounded. Petitioner withdrew a prior motion as soon as Respondent brought its website into compliance with the arbitration award. Respondent cannot show that irreparable harm will occur because it cannot show that Petitioner will file another motion for sanctions. Additionally, any name-changing actions Respondent takes in the interim will be in keeping with its existing plans, as evidenced by its press releases, (see Pet'r's Ex. G (Docket No. 51) at 8) and therefore would also not constitute "harm".

The third factor also cuts against granting a stay. This dispute regarding use of the word "federated" has already continued long past what the arbitration award demanded. Staying the Order would injure Petitioner by further delaying resolution of this issue while awaiting the conclusion of the appellate process.

4

Public policy also supports denying a stay.  The public interest lies with the swift resolution of legal claims.  Arbitration is intended to promote this interest in a timely, cost-saving manner.  "Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders."  <u>Graphic Commc'ns. Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co.</u>, 779 F.2d 13, 15 (7th Cir. 1985).  A stay will only serve to further delay resolution of this issue and allow confusion surrounding the "federated" name to continue.

**CONCLUSION**

While Respondent has established that its appeal contains genuine questions of law, it has failed to make a strong showing of a likelihood of success.  It has further failed to show that the interests of the parties or the public support granting a stay.

Accordingly, **IT IS HEREBY ORDERED that** Respondent's Motion to Stay Pending Appeal is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 11, 2018

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge